UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KESLER ASSOCIATES, INC.,

    Plaintiff,

v.

Case No. 10-CV-13390
HONORABLE DENISE PAGE HOOD

WELLMAN PLASTICS RECYCLING, LLC,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

This action involves a dispute regarding sales commissions. Now before the Court is Defendant's Motion for Summary Judgment. Having considered the parties briefs and oral arguments, Defendant's Motion for Summary Judgment is DENIED.

**II.    BACKGROUND**

This action was initiated on August 25, 2010 and Defendant was served on September 20, 2010. The complaint was amended January 4, 2011. Defendant filed its first motion for summary judgment on March 8, 2011 arguing that the complaint should be dismissed due to accord and satisfaction. After the matter was fully briefed, a hearing was held on July 20, 2011. This Court issued an order denying Defendant's motion for summary judgment on August 18, 2011. The Court found that the first three elements of accord and satisfaction were present, but concluded that Plaintiff had raised a genuine issue of material fact as whether the claim was discharged under MICH. COMP. LAWS § 440.331.

The facts were discussed in detail in the Court's previous order [Docket No. 25]. In

relevant part, the dispute revolves around a series of events that took place after Defendant was served with the Complaint. Sue Windham, Defendant's controller, received an email from Carrie Mitter, Plaintiff's employee, requesting review of several open accounts. Windham responded to the President of Kessler by email with an attached worksheet dividing the invoices into four accounts and indicating Defendant's willingness to pay one of the four. The email indicated Defendant's willingness to pay conditioned on agreement between the parties on accounting. Plaintiff requested payment of the commission check and Defendant then drafted a check. The check was deposited into Plaintiff's account. On the description line of the receipt attached to the check were the capitol words "FULL AND FINAL PAYMENT." Defendant's counsel informed Plaintiff's counsel of the accord and satisfaction. Plaintiff did not refund the check.

Defendant brings its second motion for summary judgment arguing that additional evidence demonstrates that Plaintiff's claims were discharged by accord and satisfaction.

### III.  STANDARD OF REVIEW

Summary Judgment is appropriate in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must review all evidence in the light most favorable to the non-moving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003). The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974). A genuine issue of material fact must rest on affidavits and other documentary evidence and cannot be based on mere allegations and denials in the pleadings. Fed. R. Civ. P. 56(e). "If the [nonmovant's] evidence is merely colorable, or is not significantly

probative, summary judgment may be granted." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).

## IV. ANALYSIS

### A. Accord and Satisfaction

An accord and satisfaction is an affirmative defense. *Nationwide Mut. Ins. Co. v. Quality Builders, Inc.*, 192 Mich. App. 643, 646; 482 N.W.2d 474, 476 (Mich. App. 1992). "An 'accord' is an agreement between parties to give and accept, in settlement of a claim or previous agreement, something other than that which is claimed to be due, and 'satisfaction' is the performance or execution of the new agreement." *Id.* "An accord is a contract and requires a meeting of the minds of those that enter into it." *Hoerstman Gen. Contr., Inc. v. Hahn*, 474 Mich. 66, 70; 711 N.W.2d 340, 344 (Mich. 2006). A meeting of the minds is implied as a matter of law when the offer is accepted. *Id.* at 71-72. Michigan Complied Laws § 440.3311 governs whether there is an accord and satisfaction of a negotiable instrument.

The only issue before the Court is whether there was a satisfaction.[1] In relevant part, an accord is satisfied if the defendant is able to prove either: (1) "the instrument or an accompanying written communication contained a conspicuous statement to the effect that the

---

[1] Plaintiff attempts to reargue in its response that there was no consideration, no dispute, and the check was not issued in good faith. The Court has already considered these arguments at length and will not readdress them here. The Court concluded in its August 18, 2011 order that Plaintiff had failed to demonstrate that there was a genuine issue of material fact as to the first three elements of accord and satisfaction [Docket No. 25]. Specifically, the Court found that Defendant had offered the check in good faith as full satisfaction of the claims, the claim amount was unliquidated, and Plaintiff received the payment. *See* MICH. COMP. LAWS § 440.3311(1). Additionally, the Court found that subsection (3) did not apply because Plaintiff did not refund the payment after learning that Defendant believed it to be an accord and satisfaction of all claims. Section 440.3311(3) provides:
    Subject to subsection (4), a claim is not discharged under subsection (2) if either of the following applies:
        (a) The claimant, if an organization, proves that (i) within a reasonable time before the tender, the claimant sent a conspicuous statement to the person against whom the claim is asserted that communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, are to be sent to a designated person, office, or place, and (ii) the instrument or accompanying communication was not received by that designated person, office, or place.
        (b) The claimant, whether or not an organization, proves that within 90 days after payment of the instrument, the claimant tendered repayment of the amount of the instrument to the person against whom the claim is asserted. This subdivision does not apply if the claimant is an organization that sent a statement complying with subdivision (a)(i).

instrument was tendered as full satisfaction of the claim," MICH. COMP. LAWS § 440.3311(2); or (2) "within a reasonable time before collection of the instrument was initiated, the claimant, or an agent of the claimant having direct responsibility with respect to the disputed obligation, knew that the instrument was tendered in full satisfaction of the claim," *Id.* at 440.3311(4).

1. Subsection (2)

Defendant argues that subsection (2) was satisfied because the check stub containing the words "FULL AND FINAL PAYMENT" was a conspicuous statement "tendered as full satisfaction" of Plaintiff's claims. *See* MICH. COMP. LAWS § 440.3311(2). The Court, in its previous order, concluded that the statement "FULL AND FINAL PAYMENT" contained on the receipt attached to the check was a conspicuous statement. *See Id.* at § 440.1201(10) ("A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it"); *Hoerstman*, 474 Mich. at 74 (finding that the inclusion of the words "final payment" on the comment line of a check was conspicuous for section 440.3311(2)). The Court further noted that there was a genuine issue of material fact as to whether the payment was in satisfaction of the pending litigation or bookkeeping mistakes [Docket No. 25].

Defendant now provides the Court with the affidavit of Sue Windham, the Defendant's Controller. Windham notes that Plaintiff gave her a list of accounts and commissions, which included amounts in the present litigation. After reviewing these amounts, Windham divided the accounts into four categories and noted that if Plaintiff agreed with the accounting Defendant would issue a check for one category. Windham notes that the check was meant to be a full satisfaction of all claims between the parties, including the claims relevant in the present action. Plaintiff sent a "list of accounts and a claim for commissions which included amounts claimed in the lawsuit." Defendant's offer was the result of considering those amounts and determining

4

what they were willing to pay. However, considering the affidavit along with what was already before the Court, it is still not clear whether the payment was tendered due to accounting errors. A genuine issue of material fact remains as to whether subsection (2) was satisfied.

      2.      Subsection (4)

Defendant next asserts that subsection (4) was satisfied because Plaintiff knew that the check was offered in full satisfaction of the claims and did not refund the money. In its previous order, the Court concluded Defendant had not offered any evidence that Carrie Mitter was an authorized agent with direct responsibility for settling the claims, Defendant's statements were not conspicuous regarding the intent of the payment, and Robert Gehle, Plaintiff owner, was not aware of settlements or communications [Docket No. 25].

Defendant now presents the deposition of Robert Gehle, President of Plaintiff Kellman Associates, Inc. In the deposition, Gehle indicates that he was aware that his daughter Carrie Mitter submitted an accounting request to Defendant soon after she sent it. He testified that he was aware that she requested a check from Defendants and that the check was deposited. He did not know that the check was written as full and final payment before it was deposited. However, after the check was deposited, Gehle testified that someone from Wellman informed him that the check was marked as full and final payment of any open issues. Gehle was not clear as to when he discovered that the check was meant to satisfy all claims. Gehle did not return the check or refund the money once he became aware of Wellman's belief that the check satisfied all claims. At any point after he learned that Wellman intended the check as full satisfaction of all claims he could have refunded the money. His failure to do so would satisfy subsection (4) if Gehle discovered this information within a reasonable time. However, the evidence does not indicate when exactly Gehle discovered that the check was tendered as an accord and satisfaction. He did

not know when the check was deposited. His deposition testimony was not clear as to whether he discovered this information a month after deposit or several months later. There is a genuine issue of material fact as to whether Gehle's failure to refund the money was done within a reasonable time.

### B.  Procuring Cause for Sale

Defendant also argues that summary judgment is appropriate because (1) there was no contract between the parties regarding post-termination commissions, and (2) entitlement to post-termination commissions is not implied because Plaintiff was not the "procuring cause" of the sales. Plaintiff argues blanket or new orders are not at issue here. It further argues that it is entitled to commissions for repeat orders made post-termination and is prepared to produce evidence that it procured repeat orders prior to termination.

Under Michigan law, an "agent is entitled to recover his commission whether or not he has personally concluded and completed the sale, … if his efforts were the procuring cause of the sale." *Reed v. Kurdziel*, 352 Mich. 287, 294 (Mich. 1958). The agency relationship is contractual and the Court must look to the contract and intention of the parties when determining whether an agent is entitled to commissions. *Id.* When the contract is silent, however, "the agent is entitled to recover a commission on a sale, whether or not he personally concluded it, only where it can be shown that his efforts were the 'procuring cause.'" *Roberts Assoc., Inc. v. Blazer Int'l Corp.*, 741 F. Supp. 650, 652 (E.D. Mich. 1990) (quoting *Reed*, 352 Mich. at 295). Michigan courts interpret the concept of "procuring cause" narrowly. *Id.* at 653. Even if the agent introduced the customer to the principal, the agent will not be deemed the procuring cause if he did not participate in negotiations for the given contract. *Id.* It is the acquisition of orders, not the acquisition of the customer that is protected by the 'procuring cause' doctrine." *Id.* (quoting

*William Kehoe Associates v. Indiana Tube Corp.*, 891 F.2d 293 (6th Cir. 1989)).

The parties' agreement appears to be silent on commissions. Defendant did not assume the predecessor company's obligations. When the business relationship between the parties was originally terminated, the parties were in the process of negotiating a new agreement. Prior to the breakdown, Plaintiff continued its sales activities on a month-to-month basis and was compensated based on the prior rate with the predecessor company. In addition, Gehle, admitted that there was no new agreement with Defendant.

Defendant urges the Court to determine that Plaintiff was not the procuring cause of Kesler's sales. However, there remains a question of fact. Defendant focuses the Court's attention to blanket or new orders. There was no agreement as to perpetual sales commissions for blanket or new orders. Plaintiff argues that the issue is whether it was the procuring cause for repeat orders. Defendant argues that Plaintiff cannot identify whether products purchased by an existing customer were for an existing product or a new product. Gehle testified that Plaintiff was always paid for repeat orders. There was no agreement as to post-termination commission or perpetual commissions. The record is not clear as to the parties' intention.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment **[Docket No. 28, filed November 15, 2011]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Allow Authority Supplemental to Brief in Support of Defendant's Motion for Summary Judgment **[Docket No. 49, filed August 24, 2012]** and Plaintiff's Motion to Allow Response to Defendant's Motion to Allow Authority Supplemental to Brief in Support of Defendant's Motion for Summary

Judgment **[Docket No. 50, filed September 11, 2012]** are **DENIED**.

      **IT IS SO ORDERED**.

                                                  <u>S/Denise Page Hood</u>
                                                  Denise Page Hood
                                                  United States District Judge

Dated:  September 27, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 27, 2012, by electronic and/or ordinary mail.

                                                  <u>S/LaShawn R. Saulsberry</u>
                                                  Case Manager