# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KESLER ASSOCIATES, INC.,

      Plaintiff,

                                  Case No. 10-CV-13390

v.                                  HONORABLE DENISE PAGE HOOD

WELLMAN PLASTICS RECYCLING, LLC,

      Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Now before the Court is Plaintiff's Motion for Reconsideration.  Plaintiff asks that the Court reconsider its January 24, 2013 Order, granting in part and denying in part Objections to the Magistrate Judge's Order.  The Court affirmed the Magistrate Judge's order requiring Plaintiff to produce sales documents from April 2011 until December 2011.  The Court granted Defendant's request to exclude specification numbers due to expense and time.  Defendant indicated that such information had not been provided before.  Plaintiff now asks the Court to require production of documents until December 31, 2012 so that its accountant is able to prepare reliable damage summaries for trial.[1]

Eastern District of Michigan Local Rule 7.1(h) allows a party to file a motion for reconsideration within 14 days after entry of judgment or order.  E.D. Mich. L.R. 7.1(h)(1). No response or oral argument is allowed unless the Court orders otherwise. E.D. Mich. L.R. 7(h)(2).

---

[1]On February 21, 2013, Plaintiff's counsel sent an emailed addressed to the undersigned. The email was not docketed and there is no indication that opposing counsel was copied.  The Court notes that *ex parte* communication is not appropriate under the Local Rules or the Rules of Civil Procedure.  The Court reminds counsel that any requests for action by the Court must be submitted through the proper public channels pursuant to the Local Rules and the Rules of Civil Procedure.

Pursuant to Rule 7.1(h)(3) "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." A motion for reconsideration is only proper if the movant shows that the court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E. D. Mich. L.R. 7.1(h)(3). Plaintiff's motion is timely and the Court will not require a response or oral argument on this matter.

In its objection to the Magistrate Judge's Order, Plaintiff asked for sales documents "up to today and . . . ongoing as opposed to arbitrarily cutting off in December 2011." [Docket No. 56, November 6, 2012] Plaintiff now asks for sales records from April 2012 through December 2012 with specification numbers.[2] Plaintiff further indicates that specification numbers would not impose a great time or financial burden on Defendant because there are only 18 customers and one specification number per customer. Plaintiff notes that it agreed to withdraw eleven motions to compel in exchange for Defendant producing sales documents with specification numbers from April 2011 until December 31, 2012. Plaintiff contends that the production of sales documents from April 2011 until December 31, 2012 with specification numbers would not only honor the parties' bargain but save considerable time during trial. The Court finds that there is no palpable defect.

---

[2]Plaintiff then notes that Defendants are under order to include the specification numbers for the period of April 2011 until December 2011. However, the Court overruled the Magistrate Judge's finding as to this point and did not require Defendant to provide specification numbers due to expense and time involved.

2

Plaintiff simply raises issues that were already considered by the Court.  The Court will not reconsider them here.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration [Docket No. 65, filed January 30, 2013] is **DENIED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  April 2, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 2, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager