**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KESLER ASSOCIATES, INC.,

    Plaintiff,

                                            Case No. 10-CV-13390

v.                                        HONORABLE DENISE PAGE HOOD

WELLMAN PLASTICS RECYCLING, LLC,

    Defendant.
                                                    /

**OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION IN LIMINE TO BAR TESTIMONY OF WILLIAM CARROLL BURROWS FOR LACK OF FOUNDATION [DKT 67], DENYING MOTION IN LIMINE TO DISMISS DEFENDANT'S ACCORD AND SATISFACTION ARGUMENT [DKT 68], AND DENYING EMERGENCY MOTION FOR ORDER REQUIRING DEFENDANT TO PROVIDE SALES FIGURES FOR 2012 THROUGH PRESENT DATE IN 2013 [DKT 69]**

        This matter comes before the Court on Plaintiff's Motion in Limine to Bar Testimony of William Carroll Burrows for Lack of Foundation [Docket No. 67], Motion in Limine to Dismiss Defendant's Accord and Satisfaction Argument [Docket No. 68], and Emergency Motion for Order Requiring Defendant to Provide Sales Figures for 2012 Through Present Date in 2013 [Docket No. 69]. For the reasons stated in more detail below, Plaintiff's Motion in Limine to Bar Testimony of William Carroll Burrows is DENIED WITHOUT PREJUDICE, and Plaintiff's Motion in Limine to Dismiss Defendant's Accord and Satisfaction Argument and Emergency Motion for Order Requiring Defendant to Provide Sales Figures are DENIED.

        Plaintiff argues that the testimony of William Carroll Burrow should be barred for lack of foundation. Mr. Burrows was the Vice President of Wellman Plastics Recycling, Inc. from October 2008 until November 30, 2010. Plaintiff asserts that Mr. Burrow testified during his deposition that he never spoke with any of the salesmen that replaced Defendant's salemen nor any of the

customers. Based on this admission, Plaintiff contends that Mr. Burrows lacks foundation to testify *at all*. The Court notes that the time to make this objection is during the testimony of Mr. Burrows. Given that Mr. Burrows has yet to testify, Defendant has not had an opportunity to lay a foundation for Mr. Burrows' testimony. Any objection as to lack of foundation can and should be raised during trial. Plaintiff's objection to Mr. Burrows' testimony is premature. Therefore, the motion to bar Mr. Burrows' testimony is denied without prejudice.

Plaintiff next asks the Court to dismiss Defendant's defense of accord and satisfaction. In its September 27, 2012 Order Denying Defendant's Second Motion for Summary Judgment, the Court found that there was a genuine issue of material fact as whether all the elements of an accord and satisfaction were satisfied. Plaintiff now asks the Court to revisit the issue on the eve of trial and completely bar Defendant from raising the defense. Not only has the Court addressed this issue twice, the time to file dispositive motions has past and Plaintiff has not asked for leave to file yet another motion for summary judgment. Whether Defendant has sufficient evidence to prove that there was an accord and satisfaction is an issue for the jury, not this Court, to decide. The Court finds that there is no reason to allow Plaintiff to dispose of this issue a week before trial. The motion in limine is denied; the jury will decide whether the elements of an accord and satisfaction are indeed met in this case.

Plaintiff again asks the Court to order Defendant to provide sales data from 2012 until now. The Court has addressed this issue twice: in Plaintiff's objections to the Magistrate Judge's October 2012 Order and in Plaintiff's October 2012 Motion for Supplementation. The Court will not consider it again. Plaintiff's emergency motion is, therefore, denied.

Accordingly,

IT IS ORDERED that Plaintiff's Motion in Limine to Bar Testimony of William Carroll Burrows for Lack of Foundation [Docket No. 67, filed April 25, 2013] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine to Dismiss Defendant's Accord and Satisfaction Argument [Docket No. 68, filed April 25, 2013] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Emergency Motion for Order Requiring Defendant to Provide Sales Figures for 2012 Through Present Date in 2013 [Docket No. 69, filed April 30, 2013] is DENIED.

IT IS SO ORDERED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: May 6, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 6, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager