# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KESLER ASSOCIATES, INC.

    Plaintiff,

v.                                            Case No. 10-CV-13390
                                                HONORABLE DENISE PAGE HOOD

WELLMAN PLASTICS
RECYCLING, LLC,

    Defendant.

_____/

## ORDER AND OPINION GRANTING DEFENDANT'S MOTION FOR ATTORNEY FEES

**I.  BACKGROUND**

Plaintiff, Kesler Associates, Inc. filed this action on August 25, 2010, against Defendant, Wellman Plastics Recycling, LLC.  A trial began on May 7, 2013, and continued until May 15, 2013.  The Plaintiff's Complaint alleged eight different counts including a count alleging that the Defendant violated Michigan Sales Representatives' Commission Act ("SCRA") Mich. Comp. Laws § 600.2961 (2013). On May 15, 2013, the jury returned a verdict on all counts for the Defendant against the Plaintiff.  Now before the Court is Defendant's Motion for Attorney Fees pursuant to Mich. Comp. Laws § 600.2961(6).  **[Docket No. 97, filed May 30, 2013]** Defendant is entitled to reasonable attorney fees and some costs under SCRA as a

"prevailing party" in the lawsuit. For the reason stated below, Defendant's Motion for Attorney Fees is **GRANTED**.

## II. ANALYSIS

Defendant argues for attorney fees and costs under Mich. Comp. Law § 600.2961(6) (2013) because it was the "prevailing party" in the lawsuit. SCRA awards attorney fees and costs to the prevailing party. The Defendant has provided the Court with itemized documentation addressing the reasonableness of attorney fees and costs. *Petterman v. Haverhill Farms, Inc.*, 125 Mich. App. 30, 33; 335 N.W.2d 710, 712 (1983) ("The party requesting fees, the prevailing party, has the burden of proving the reasonableness of attorney fees."). The Plaintiff has not filed a response opposing the motion for attorney fees.

### A. Eligibility for Attorney Fees and Costs

Eastern District of Michigan Local Rule 54.1.2(a) mandates that "a motion for attorney fees . . . pursuant to Fed. R. Civ. P. 54(d)(2) must be filed no later than 28 days after entry of judgment." E. D. Mich. R. 54.1.2. Pursuant to Local Rule 54.1.2(b), Defendant has submitted an affidavit of counsel setting out in detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, and the prevailing rate charged in the community for similar services within the appropriate time frame. **[Docket No. 97, Exhibit C]**

Generally, the "American Rule" does not allow for the recovery of attorney fees from the losing party, unless there is an exception carved out by statute or court rule. *Haliw v.City of Sterling Hts*, 471 Mich. 700, 707, 691 N.W.2d. 751 (2005). Section 600.2961 provides that "if a sales representative brings a cause of action pursuant to this section, the court shall award to the prevailing party reasonable attorney fees and court costs." SCRA defines the "prevailing party" as the "party who wins on all the allegations of the complaint or on all of the responses to the complaint." Mich. Comp. Laws § 600.2961(1)(c); *Peters v. Gunnell, Inc.*, 253 Mich. App. 211, 223, 655 N.W.2d 582, 590 (2002) ("A party cannot be deemed a prevailing party entitled to reasonable attorney fees and court costs unless that party is found to have prevailed fully on each and every aspect of the claim or defense asserted under the SRCA."). Here, Defendant is the prevailing party because it received a jury verdict in its favor on all counts. **[Docket No. 97, Exhibit B]** As the "prevailing party," the Defendant can petition for attorney fees and costs pursuant to the statute.

### B. Reasonableness of Attorney Fees

The Court now turns to examining the reasonableness of attorney fees. *Smith v. Khouri*, 481 Mich. 519, 530, 751 N.W.2d 472, 480 (2008). The Court must consider six factors:

> (1) the fee customarily charged in the locality for similar services. This number is multiplied by the reasonable number of hours expended in the case; (2) the professional standing and experience of the attorney; (3) the skill, time and labor involved; (4) the amount in question and the results achieved; (5) the difficulty of the case; (6) the nature and length of the professional relationship with the client.

*Id.* The burden lies with the Defendant to provide evidentiary support as to the reasonableness of attorney fees. *Petterman v. Haverhill Farms, Inc.*, 125 Mich. App. 30, 33; 335 N.W.2d 710, 712 (1983); *see also Smith v. Khouri*, 481 Mich. 519, 531, 751 N.W.2d 472, 480 (2008) ("The burden is on the fee applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.") (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984)).

The first factor, "multiplying the reasonable hourly rate by the reasonable hours billed will produce a baseline figure." *Smith*, 481 Mich. at 533, 751 N.W.2d at 480. To establish this baseline figure, "the trial courts have routinely relied on data contained in surveys such as the Economics of the Law Practice Surveys that are published by the State Bar of Michigan." *Id.* at 530, 751 N.W.2d at 479. Defendant has attached the *State Bar of Michigan 2010 Economics of Law Practice Attorney Income and Billing Rate Summary Report* (the "2010 Michigan Billing Report") as

4

evidence of the most recent empirical data regarding the customary fees charged for legal services. **[Docket No. 97, Exhibit F, Pg ID 1149-1165]**

The tables break down the billing rates by years of practice, firm size, and location. Defense counsel, Mark C. Pierce, is a managing partner with over 35 years of experience. The State Bar of Michigan reports that an attorney in that position has a billing rate of $200 per hour in the 25th percentile and $315 per hour for the 75th percentile. The median rate is $250 per hour and the mean is $265 per hour. Attorney Pierce has billed $275 per hour. This is higher than the median and mean according to the 2010 Michigan Billing Report, but the $10 difference is not exorbitant and a reasonable variance for attorney fees.

For the second consideration, the Court examines the professional standing and experience of the attorney. A check of the State Bar of Michigan member directory shows that Mark C. Pierce has been a member of the bar since 1976 and is currently in good standing. He has 37 years of litigation experience in Michigan at all levels of the court. This too weighs in favor of the reasonableness of the attorney fees request.

The remaining factors—skill, time and labor involved, the difficulty, nature and the length of the case—weigh in favor of the reasonableness of the attorney fees request. Defendant argues that the time spent on this matter is reasonable given the

significant work required to defend this case during discovery, motions for summary judgment, and trial. The Court agrees as the case spanned over a 2.5 year period. In addition, several years' worth of documents were produced and multiple depositions conducted in both Michigan and South Carolina. The evidence indicates the majority of attorney fees accrued in relation to trial preparation and the ensuing eight-day trial. In all, 401.91 hours were billed and totaled $107,388.25. Though the amount may, at first glance, seem exorbitant, balanced with the 2.5-year lifespan of the suit, the amount is reasonable.

### III. CONCLUSION

Accordingly, for the reasons stated above,

**IT IS ORDERED** that the Defendant's Motion for Attorney fees **[Docket. No. 97, filed May 30, 2013]** is **GRANTED.** The Court awards attorney fees in the amount of $107,388.25, pursuant to Mich. Comp. Laws § 600.2961 (2013).

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 6, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 6, 2014, by electronic and/or ordinary mail.

            S/LaShawn R. Saulsberry
            Case Manager